## Real Estate Brokers' Licenses.

SCHNADER, Special Dep. Att'y-Gen., Jan. 2, 1930.—We have your request to be advised upon a number of questions which have arisen in the administration of the Act of May 1, 1929, P. L. 1216, known as the Real Estate Brokers License Act of 1929.

In view of the large number of your questions, we shall answer them as we state them.

1. Does an auctioneer who occasionally sells real estate, as an auctioneer, require a broker's license?

Auctioneers must be licensed under the Act of May 5, 1921, P. L. 406. Having been thus licensed, they may, in our opinion, sell at auction property of any character without any further license. This includes real estate as well as personal property.

The Real Estate Brokers' License Act does not specifically mention auctioneers, and, in our judgment, they do not come within the definition of "real

estate brokers" contained in section 2 *(a)* of the act, if their transactions in connection with real estate are confined to sales at auction. If, however, they sell real estate or offer it for sale otherwise than at auction, they come within the purview of the act.

2. Does a person who is an officer in several real estate corporations require a separate broker's license for each organization?

The issuance of brokers' licenses to corporations is covered by section 7 *(d)* of the act, which provides that: ". . . Where a real estate broker's license shall be issued to a corporation or association, authority to transact business thereunder shall be limited to one officer of such corporation or association, to be designated in the application and named in the license. Each other officer of such association or corporation, desiring to act as a real estate broker in connection with the business of the said association or corporation or otherwise, shall be required to make application for and take out a separate license in his or her own name individually. . . ."

Under the language quoted, it is unnecessary for any officer of a real estate corporation to take out an individual broker's license, unless he desires "to act as a real estate broker in connection with the business of the . . . corporation or otherwise."

Clearly, the Legislature contemplated the possibility that an officer of a real estate corporation might also be an officer in other similar corporations, and it obviously intended that, if such an officer took out in his own name a real estate broker's license, he should be free to act as such to the same extent as if he were an individual not connected with the corporation in an official capacity.

It is, therefore, not necessary for a person who is an officer in several real estate corporations to take out more than one broker's license in his own name, if the several corporations transact business from the same address. If, however, the corporations have separate places of business at different addresses, and the officer desires to engage actively in the business of each of them, he must comply with section 7 *(b)* of the act and take out a duplicate license for each office or place of business in excess of one, from which he proposes to transact business.

3. Section 9 of the act states that every broker shall be required to have and maintain a definite place of business within the Commonwealth. Does a broker who transacts his business from a private residence, without any sign indicating that he is engaged in the real estate business, meet the requirements of this provision?

All that section 9 *(a)* of the act requires is that each licensed real estate broker shall have and maintain a definite place of business within Pennsylvania, which shall serve as an office for the transaction of business, under the authority of the license, and where the license shall be prominently displayed.

A place of business where the license shall be prominently displayed must be one which is open to the broker's clients, and must be an office in the usual sense in which that word is used. It may be located in any type of building, including a private residence, and the law does not require that there must be a sign indicating that the broker is engaged in the real estate business.

4. Referring to section 2, does the term "real estate salesman" include an employee or stenographer in the office who, when other members of the firm are out of the office, offers property for sale or rent, or negotiates loans, all in accordance with the established policy of the firm?

Section 2 *(b)* provides that the term "real estate salesman" shall mean and include any person employed by a licensed real estate broker "to sell or offer

for sale, to buy or offer to buy, or to negotiate the purchase, sale or exchange of any real estate, or interest in real estate, the property of another, or to negotiate a loan upon real estate, or to lease or rent or offer to lease or rent or place for rent any such real estate."

A stenographer or office boy is not employed for the foregoing purposes; and the mere giving of information in the absence of the licensed broker and the licensed salesmen of the office would not, in our opinion, be such an act as would require the stenographer or office boy to be licensed as a real estate salesman. However, a person employed for general work in a real estate broker's office, including stenography and receiving and waiting upon the public, would be obliged to have a salesman's license.

5. Section 15 of the act declares that it shall be unlawful for any licensed real estate broker to pay any compensation to any person other than a licensed real estate broker or salesman. May a licensed broker share a commission with one of those persons mentioned in section 2, par. *c*, such as attorneys-at-law, justices of the peace, etc.?

Section 15 *(a)* of the act is as follows: "It shall be unlawful for any licensed real estate broker, or real estate salesman, to pay any compensation, in money or other valuable thing, to any person other than a licensed real estate broker or real estate salesman, for the rendering of any service, or the doing of any of the acts by this act forbidden to be rendered or performed by other than licensees."

This section of the act does not express what the Legislature had in mind with that precision which is desirable in legislation, and it is difficult to construe it consistently with section 2 of the act.

Section 15 *(a)* purports to prohibit the payment of compensation by a licensed broker or licensed salesman to any person, other than a licensed broker or salesman, for the rendering of any service or the doing of any act "forbidden to be rendered or performed by other than licensees."

In view of the exemptions contained in section 2 *(c)*, there are no services or acts which the act forbids any person other than licensees to render or perform. Section 2 *(a)* specifies the acts which shall constitute an individual, association or corporation a real estate broker, but section 2 *(c)* provides that the term "real estate broker" shall not be held to include "in any way" attorneys-at-law and justices of the peace, nor shall it include an owner who is selling his own property, a person holding a *bona fide* letter of attorney from an owner for the disposition of the owner's property, a receiver, a trustee in bankruptcy, an administrator, an executor, or any other person or corporation acting under the appointment or order of any court, a trustee, or banking institution operating under the banking laws of Pennsylvania.

Accordingly, all of the acts specified in section 2 *(a)* may be lawfully performed by real estate brokers, by attorneys, by justices of the peace, or by any other person specifically mentioned in section 2 *(c)*.

What the Legislature probably intended to provide in section 15 *(a)* was that it would be unlawful for any licensed broker or licensed salesman to pay compensation to any other than a licensed broker or salesman for rendering any service or doing any act forbidden to be rendered or performed by persons other than licensees or those persons specifically exempted by section 2 *(c)* from the necessity of obtaining licenses.

Clearly, an attorney or justice of the peace may negotiate the sale of real estate and divide the compensation with a licensed real estate broker or salesman. On the other hand, if section 15 *(a)* has any effect whatsoever, it would seem that a licensed broker or licensed salesman cannot lawfully divide his

compensation with an attorney, a justice of the peace, or any of the other persons, associations or corporations mentioned in section 2 *(c)* as exempt from the necessity of taking out brokers' or salesmen's licenses.

Until this question actually comes before you in the administration of the act, we shall not answer it decisively.

6. Section 7 *(d)*. Must each and every one of the officers of a corporation conducting a real estate business secure a license? Must each member of a partnership firm apply for individual license, irrespective of whether such persons are actively engaged in the sale of real estate?

It is not necessary for each officer of a corporation conducting a real estate business to secure a broker's license. Officers are required to take out individual licenses only when "desiring to act as a real estate broker in connection with the business of the said . . . corporation or otherwise." With partnerships the situation is different. The law specifically provides that the broker's license issued to a partnership shall confer authority to act as a broker only upon one member of the partnership, who shall be designated in the application and named in the license. It then provides that, "All the other members of such copartnership shall be required to apply for and take out individual licenses in their own names." This requirement is not qualified, as is the similar requirement in the case of a corporation. It is, therefore, necessary for each member of a partnership, other than the one named in the firm's license, to apply for an individual license.

7. Does a builder who employs a salesman on a salary basis, who sells property which the builder owns, need to be licensed as a broker? Must the salesman of such a builder, on a salary basis, be licensed? If on a commission basis, must the salesman be licensed?

A builder who sells property which he owns is not a real estate broker. Section 2 *(c)* specifically provides that he shall not be so regarded.

Under section 2 *(b)*, a real estate salesman is to be regarded as such only when he is employed by a licensed real estate broker for the purposes therein specified. As the builder is not a real estate broker, a salesman employed by him is not a real estate salesman.

On the other hand, section 2 *(a)* defines "real estate broker" to include all persons "who, for another and for a fee, commission or other valuable consideration, shall sell, . . . real estate." This definition clearly brings within its scope a salesman employed by an owner to sell real estate on a salary basis, and such salesman must, therefore, take out a *broker's* license.

8. Does a justice of the peace who employs a real estate salesman need to be licensed as a broker?

A justice of the peace is not required under any circumstances to take out a real estate broker's license, but the salesman employed by a justice of the peace must take out a real estate broker's license for the reasons stated in answering your previous question.

9. Must the Department of Public Instruction issue a license to all persons whose applications are properly filled out as indicated in section 7, par. *c;* or can the department investigate complaints, holding hearings, and, if necessary, refuse a license under section 10, par. *b?* In short, in starting this licensing function, may we refuse a license to any person whose application is properly filled out? In still other words, must we, in starting the matter, license everybody and then proceed to the revocation of licenses?

The Legislature clearly contemplated that your department should not grant a license to persons guilty of any of the practices specified in section 10 *(a)*. Section 10 *(c)* provides that: "The refusal of the department

to issue any license, after application properly made, and compliance by the applicant with the requirements of this act, shall be subject to review by the Court of Common Pleas of Dauphin County. . . ."

In our judgment, it is your duty to refuse a license if charges are preferred against an applicant and if, upon investigation and after notice and hearing, your department believes that the charges have been sustained.

It would be absurd to license all applicants, nothwithstanding the pendency of serious charges against some of them; and a reading of section 10 of the act makes it clear that the Legislature did not intend your department to pursue this course. From C. P. Addams, Harrisburg, Pa.